WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

(Not Intended for Publication)

Steve Brooks,

        Plaintiff,

vs.

Judy Wiltbank,

        Defendant.

No. CIV 06-1579-PCT-DKD

**ORDER**

Presently pending before the Court are a number of post-verdict motions. After trial, the jury returned verdicts in favor of Plaintiff on all claims. Defendant challenges those verdicts in her Motion for Judgment as a Matter of Law re: Alleged May 12, 2004 Contract, Motion for Judgment as a Matter of Law re: Alleged April 2003 "Umbrella" Contract, and Defendant's Post Trial Motion re: Specific Performance. This Order addresses these motions as well as Plaintiff's Motion for Attorney's Fees. Because the parties and the record are fully informed of the facts, the Court will not restate them here.

<u>Defendant's Motions</u>

As the parties are aware, a continuing issue in this case has been the possible applicability of the statute of frauds to Wiltbank's alleged promise to return the real property Brooks quit claimed to her. This issue was first presented in the parties' cross motions for

summary judgment. The Court found genuine issues of material fact and denied summary judgment based in part upon its belief that a factual issue existed as to whether Wiltbank's May 12, 2004 note to Brooks in which she promised to split the proceeds from the sale of the Belair property constituted a writing which might remove the promise from the applicability of the statute of frauds.

During trial, however, the testimony revealed that the May note was independent of the original promise and thus might not be capable of saving the original promise from the statute of frauds. The Court raised this issue with the parties during oral argument on Defendant's motion for a directed verdict and again at oral argument on the instant motions. In particular, the Court asked the parties to "be prepared to address the following issue[] at the oral argument on the pending motions set for Monday, January 12, 2009: The Restatement 3d of Trusts Section 24(2)(b) provides for the creation of a constructive trust where 'the transferee at the time of the transfer was in a confidential relation to the transferor.' Comment f explains that '[a] confidential relationship exists not only when there is a fiduciary relationship, such as that between... agent and principal... but also where there is a confidential relationship as a matter of applicable law or on the basis of the particular facts involved.'" [Doc. # 115].

Defendant contends that the execution of the power of attorney and quit claim deeds were separate transactions. However, the unchallenged evidence is that all three documents were executed at the same time notwithstanding the fact that some bear different dates. While the power of attorney did not refer to the quit claim deeds, the power of attorney did give the agent authority over "Real estate transactions." Morever, Wiltbank's signature indicated her acceptance of "the appointment subject to its terms" and her agreement "to act and perform in said fiduciary capacity consistent with [Brooks'] best interests as he/she in his/her best discretion deems advisable."

Arizona law does provide in certain circumstances for a constructive trust to vault the barrier of the statute of frauds. It is the law of Arizona that "although the statute of fraud [sic]

1 prohibits the enforcement of an express parol trust in lands, it has no application to constructive
2 trusts which arise by operation of law and not by agreement." *Smith v. Connor*, 347 P.2d 568,
3 570 (Ariz. 1960) (citation omitted). A constructive trust may be imposed where there is a
4 promise to reconvey in the context of a confidential relationship. *Joseph v. Tibsherany*, 354
5 P.2d 254, 258 (Ariz. 1960). The confidential relationship present in *Smith* and *Joseph* – the
6 familial relationship of brother and sister – is not present in this case. Indeed, the evidence at
7 trial demonstrated the break down in the parties' long-term romantic relationship. Thus, their
8 romantic relationship cannot constitute a confidential relationship.

9 However, at the time of the execution of the quit claim deeds the parties also executed
10 the power of attorney which provided for Wiltbank to act in a "fiduciary capacity consistent
11 with [Brooks'] best interests." The Arizona Supreme Court in *Smith* recognized that the
12 Restatement of Trusts finds a confidential relationship "'where there is a fiduciary relation such
13 as exists between attorney and client.'" *Smith*, 347 P.2d at 576, quoting Restatement of Trusts,
14 Comment on Subsection (1, b), § 44. The current Restatement Third of Trusts Section 24
15 addresses the "Result of Noncompliance with Statute of Frauds" and does not limit fiduciary
16 relations to that of attorney and client:

\*   \*   \*

> (2) Where an owner of property transfers it to another under an inter vivos trust for which a statute of frauds requires a writing, but no writing is properly signed [] evidencing the intended trust [], and the transferee refuses and cannot be compelled to perform it . . ., the transferee holds upon a constructive trust for the intended beneficiaries and purposes if

\*   \*   \*

> (b) the transferee at the time of the transfer was in a confidential relation to the transferor.

Comment f to that section explains that a confidential relationship exists "when there is a fiduciary relationship, such as that between attorney and client, trustee and beneficiary, agent and principal, or conservator and conservatee."

The Court believes the Arizona courts would follow the Restatement and impose a constructive trust based upon (1) the jury's finding of an agreement between the parties to effect an inter vivos trust and (2) the existence of a confidential relationship at the time of transfer of the ownership of the two properties. Accordingly, the Court will impose the equitable remedy of a constructive trust in favor of Plaintiff with respect to the New Mexico and Belair properties. Defendant shall convey title to the New Mexico property to Plaintiff. Because it would not be equitable for Defendant to bear the cost of tending to the New Mexico property and based upon the submitted inventory of expenses, Plaintiff shall be entitled to an offset for these charges in the amount of taxes of $456.37. This amount will be offset against the amount awarded for the Belair property.

With regard to the Belair property, the value of that trust will be informed by the jury's judgment that Plaintiff is entitled to half the sale price. It should be noted that Defendant contends that there was no consideration for an agreement to pay half the proceeds from the sale of the Belair property. The Court does not need to reach this issue because of its imposition of a constructive trust in favor of Plaintiff with respect to this property. The jury found that Plaintiff and Defendant entered into an agreement for the return of all of the quit claimed property[1], but the jury nevertheless valued Plaintiff's interest in the Belair property at $32,327. The jury may well have reached this decision because of the contents of the May note, but the fact that the jury may have relied on the promise in the note is of no moment when by virtue of the original agreement Plaintiff was entitled to the return of the Belair property.

As it sits in equity, the Court is free to consider the advisory verdict of the jury and the Court believes it is equitable and just to value Plaintiff's award for the Belair property at $32,327. This determination is supported by Plaintiff's expectations as summarized by Plaintiff in his response to Defendant's Motion for Judgment as a Matter of Law: "On Wiltbank's part she was to manage the sale, keep Brooks updated on the sale, and continue to manage the rental

---

[1] *See* Verdict, Finding One.

aspects of the Belair Property. In exchange for her services, Brooks agreed to give Wiltbank half the proceeds from the sale." Response at p. 7 [Doc. #108].

Finally, the Court addresses Defendant's argument that her motions for judgment as a matter of law should be granted because there was no "meeting of the minds" with respect to the original agreement. The parties presented the contract formation issues to the jury. Defendant had a full and fair opportunity to present its case that no contract existed because there was no meeting of the minds and no consideration. Plainly, the jury rejected Defendant's position and found that the parties had reached an agreement notwithstanding Defendant's testimony to the contrary. The Court cannot say that this was an unreasonable conclusion for the jury to reach and the Court cannot say that it was unreasonable for a jury hearing the evidence in this case to credit the testimony of the Plaintiff and discredit the testimony of the Defendant. The jury's verdict was supported by evidence sufficient to support the jury's conclusion. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021(9th Cir. 2008).

<u>Plaintiff's Application for Attorney's Fees</u>

Plaintiff requests an award of attorney's fees pursuant to the Arizona statute which provides for the prevailing party in a contract action to request an award of fees. A.R.S. § 12-341.01. Plaintiff's application, however, is forestalled by the fact that Plaintiff is prevailing not by virtue of a prevailing contract claim but upon the Court's imposition of a constructive trust in equity. *In Re Naarden Trust*, 990 P.2d 1085 (Ariz. App. 1999). To the extent that Plaintiff may have some other basis to request fees, the Court in its discretion declines to award fees.

**IT IS ORDERED DENYING** Defendant's Motion for Judgment as a Matter of Law re: Alleged May 12, 2004 Contract (Doc. #90), Motion for Judgment as a Matter of Law re: Alleged April 2003 "Umbrella" Contract (Doc. #92), Post Trial Motion re: Specific Performance (Doc. #93), and Plaintiff's Amended Motion for Attorney Fees (Doc. #99).

The Clerk is directed to enter judgment in favor of Plaintiff as follows:

Judgment in favor of Plaintiff on the claim for the New Mexico property. Defendant shall convey title to Plaintiff without unnecessary delay.

Judgment in favor of Plaintiff on the claim for loss of personal property in the amount of $1,500.00.

Judgment in favor of Plaintiff on the claim for the Belair Property in the amount of $31,870.63 ($32,327.00 less $456.37 taxes paid on the New Mexico property).

DATED this 31st day of March, 2009.

```
_____
David K. Duncan
United States Magistrate Judge
```